IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CATHERINE D. RANDOLPH <br> Petitioner, <br> v. <br> WARDEN <br> Respondent. | * <br> * CIVIL ACTION NO. JFM-10-2954 <br> * <br> *** |

MEMORANDUM

The above-captioned letter and attachment, construed as a petition for writ of habeas corpus, was received for filing on October 4, 2010. The action generally complains about Catherine Randolph's ("Randolph") continuing detention at the Clifton T. Perkins State Hospital Center ("Perkins"). Construing the *pro se* filing in a generous manner, it appears that Randolph seeks to dismiss the criminal cases filed against her in Baltimore, Maryland and to be released from detention, arguing that she is being held hostage, is the victim of identity theft, and that her criminal case was declared a "mistrial" and was "supposed to be dismissed." Paper No. 1. Randolph claims that she does not meet the criteria for commitment to Perkins and is an innocent victim. For reasons to follow the petition shall be dismissed.

In *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-09-951 (D. Md.), Randolph filed a petition for habeas corpus relief which challenged her criminal case process, competency hearings, and continued detention at Perkins. After full briefing, the court dismissed the petition without prejudice. The following facts were established. On January 17, 2006, Randolph was charged in the Circuit Court for Baltimore City with armed robbery, robbery, kidnapping a minor, assault, theft, and handgun violations. On March 17, 2008, Judge Gale E. Rasin ordered a pretrial competency evaluation. Randolph was admitted to Perkins for a competency

evaluation on June 2, 2008. She refused, however, to respond to questions regarding her hospitalization or legal charges, instead claiming, as she does here, that she was falsely accused and did not commit any criminal acts (identify theft). On July 24, 2008, the Perkins Clinical Director and Director of Pre-Trial Services wrote Judge Rasin that Randolph was incompetent to stand trial, a danger to herself and others due to a mental disorder, and in need of continuing inpatient treatment. On July 25, 2008, the Circuit Court for Baltimore City found Randolph incompetent to stand trial and dangerous because of her mental disorder. She was committed to the Department of Health and Mental Hygiene ("DHMH").[1]

To the extent Randolph seeks federal habeas corpus relief, she must exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845-47 (1999). It affords the state courts the first opportunity to review federal constitutional challenges and preserves their role in protecting federally guaranteed rights.

There is no record that Randolph has exhausted her state court remedies by judicially challenging the competency hearing findings upon which she has been committed to the DHMH.

---

[1] The record in *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-09-951 also showed that on January 22, 2009, the Perkins Clinical Director and Director of Pre-Trial Services forwarded a semi-annual report to the Circuit Court as required under Maryland law. The report found that Randolph remained incompetent to stand trial and dangerous because of her mental disorder. She remains committed to the DHMH. Her annual hearing required by Md. Code Ann., Crim. Proc. § 3-106(c)(l)(i) last occurred on July 25, 2009, and she was again found incompetent to stand trial. *See ttp://casesearch.courts.state.md.us/inquiry/inquiryDetail.* Subsequent hearings before Judge Rasin have been continued. *Id.*

Therefore, any "habeas" challenge to her continued detention is premature. A separate Order follows dismissing this case without prejudice.


Date: November 4, 2010                    /s/
                                    J. Frederick Motz
                                    United States District Judge